Curia, per Savage, Ch. J.
The motion m arrest of judgment came too late. Notice should be given of such a motion within the four first days of the term next after trial. Here notice was first given for the fourth term.
But, under the circumstances of the case, had the motion been made in season, we would allow an opportunity to amend, as it appears the assumpsit clause in the fourth count was in the draft of the declaration, and in the nisi prius record.
The questions on the case arq, first, as to the variance. Though the first three counts are not drawn as artificially as they might have been, yet I incline to the opinion expressed by the judge at the trial, that the evidence supports them all. I think it more particularly applicable to the third.
The judge was right in refusing the nonsuit; and I know of no practice compelling the plaintiff to elect, on the trial, * which of his counts he will apply the evidence to in this action. Where there are several counts in the declaration, and one bad, upon a general verdict, judgment will be arrested unless the verdict can be amended by the judge’s notes, so as to apply it to the good counts; and it is not too late, on a motion in arrest of judgment, for the plaintiff to move for such amendment. (1 John. 506. 11 John. 100.) [1]
*162 Was there any misdirection by the judge ? The action < , , -fo, , f , was upon a special contract, and that contract was proved. , . . ' The plaintiff must, therefore, recover upon that contract, or fa¡q jn yg actiQn, There is no ground for resorting to a common count. If the plaintiff has no special count, under which his special contract can be received in evidence, he must be nonsuited.
So if the jury believed that the plaintiff subsequently extended the time, then the boards were carried under a different contract than that declared on, and the plaintiff could not recover at all: not on the special counts, because of the variance not on the common counts, because there was a special agreement. (Bull. N. P. 139. 4 B. & P. 355.) I think, therefore, the judge erred in instructing the jury to find a verdict on the common count.
A new trial should be granted; the costs to abide the event.
New trial granted.

 Burhans v. Libbits, 1 How. Pr. R. 21, 23. Sayre v. Jewett, 12 Wen. 135. Postly v. Mott, 3 Denlo, 354. The Union Turnpike" v. Jenkins, 1 Caines, 392. Hopkins v. Beedle, id. 347. A justice of peace has the same power to allow amendments in cases pending before him as is possessed by courts of record. Mosher v. Lawrence, 4 Denio, 419.